# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CELESTINE NORMAN and RICHARD NORMAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 19 C 5386 |
| CITY OF CHICAGO, JOHN DOE #1, and JOHN DOE #2, | ) ) ) ) | Judge Charles P. Kocoras |
| Defendants. | ) ) | |

## ORDER

Before the Court is Defendant City of Chicago's ("the City") motion to dismiss Count II of Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court will grant the motion.

## STATEMENT

For purposes of this motion, the Court accepts as true the following facts from the complaint. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). All reasonable inferences are drawn in Plaintiffs' favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Plaintiffs Richard and Celestine Norman ("Plaintiffs") are Illinois residents who own a property located at 1448 South Komensky Avenue in Chicago ("Plaintiffs' Property"). The City is a municipal corporation organized under the laws of Illinois.

Defendants John Doe #1 and John Doe #2 are unknown police officers with the Chicago Police Department (collectively, "the Defendant Officers").

On June 5, 2019, Plaintiffs' son, Richard Norman Jr., passed away. Nine days later, on June 14, 2019, Plaintiffs held a repast in honor of their son at Plaintiffs' Property. That day, two unnamed and nonuniformed Chicago Police officers, *i.e.* the Defendant Officers, entered Plaintiffs' Property without a warrant, permission, or probable cause. Plaintiffs allege that the Defendant Officers searched the Plaintiffs' Property for a criminal suspect who was not on-site, and in the process, caused over $2,000 in damages to Plaintiffs' Property.

Based on these events, Plaintiffs filed a complaint against the City and the Defendant Officers on August 9, 2019. Count I of the complaint alleges claims against the Defendant Officers for constitutional violations under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983. Count II alleges common-law negligence claims against all three Defendants. Count III alleges an indemnity claim against the City. On November 8, 2019, the City moved to dismiss Count II of Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not provide detailed factual allegations, but they must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

The City urges the Court to dismiss Plaintiffs' negligence claim because the Defendant Officers are immune from liability under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202 ("Tort Immunity Act" or "the Act"). Specifically, the City argues Count II should be dismissed because the complaint does not allege the Defendant Officers' conduct was willful and wanton, as is required by the Tort Immunity Act for withholding immunity from public

employees. Plaintiffs respond that the Tort Immunity Act does not apply because the Defendant Officers were not executing any law at the time of the incident.[1]

## I. Applicability of the Tort Immunity Act

The Tort Immunity Act provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 735 ILCS 10/2-109. Illinois courts hold that a public employee executes a law when they engage "in a course of conduct designed to carry out or put into effect any law." *Brown v. City of Chi.*, 2019 IL App (1st) 181594, at ¶ 47 (2019). Plaintiffs argue that the Defendant Officers were not executing any law at the time of the incident because they were not in uniform, made no arrests, and entered the Plaintiffs' Property with neither a warrant nor permission. The Court disagrees.

"Enforcing or executing the law should be viewed as a course of conduct." *Jones v. Village of Villa Park*, 784 F. Supp. 533, 535 (N.D. Ill. 1992) (*citing Fitzpatrick v. City of Chi.*, 97 Ill. Dec. 419 (1996)). Courts have found officers to be executing a law when making an arrest, responding to a shots-fired or a crime-in-progress report, or travelling to the scene of a multivehicle traffic accident to enforce the traffic laws.

---

[1] Plaintiffs argue that the City has no standing to move for dismissal of Count II in its entirety because it is asserted against the Defendant Officers, whom the City does not represent. The Court rejects this argument. "[T]he City is a potential indemnitor of [the Defendant Officers] under section 9-102 (as it would be even if [Plaintiffs] had not asserted a separate claim under that statute)." *Ray v. City of Chi.*, 2019 WL 118491, at *3–4 (N.D. Ill. 2019). As such, "it is potentially liable and thus has a sufficient interest in the outcome of those claims to be entitled to seek their dismissal." *Id*.

*Brown*, 2019 IL App (1st) 181594, at ¶ 45 (internal citations omitted). But such findings have not been made where an officer "is engaged in routine elements of his official duties, such as transporting a prisoner, providing service in the of a community caretaking function, or conducting routine patrol." *Id*. (internal citations and quotation marks omitted).

Plaintiffs' complaint alleges that the Defendant Officers are employed by the City, 1:19-cv-05386, Dkt. # 1, at ¶ 9; the Defendant Officers entered the Plaintiffs' Property to search for a criminal suspect, *id.* at ¶ 10; and that the Defendant Officers were acting within the scope of their employment "at all relevant times," *id*. at ¶ 14. Like making an arrest, searching for a criminal suspect also qualifies as law enforcement because it is a course of conduct designed to carry a law into effect and is not a "routine element of [an officer's] official duties." *Brown*, 2019 IL App (1st) 181594, at ¶ 45; *see also Versher v. City of Harvey*, 1998 WL 381702, at *42–43 (N.D. Ill. 1998) ("[E]ffecting an arrest is the execution or enforcement of a law. . . . Similarly, engaging in an illegal search or seizure is the execution or enforcement of a law."). Accordingly, the Court finds that Tort Immunity Act applies to the Defendant Officers.

## II. Willful and Wanton Conduct

Having found that the Tort Immunity Act applies, the Court must determine whether the complaint sufficiently alleges that the Defendant Officers fall within the Act's limited exception. Although the Tort Immunity Act "generally grants immunity

to the state government under specific circumstances, this immunity may be subject to a willful and wanton exception." *Stevenson v. City of Chi.*, 2018 WL 1784142, at *31–32 (N.D. Ill., 2018). Under the Act, "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. The City argues that Plaintiffs do not sufficiently allege that the Defendant Officers engaged in willful and wanton conduct. The Court agrees.

Under the Act, "willful and wanton conduct" is defined as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210. Such conduct "consists of more than mere inadvertence, incompetence, or unskillfulness." *Stevenson*, 2018 WL 1784142, at *32 (internal citations omitted).

Although the complaint alleges that the Defendant Officers acted "knowingly, intentionally, willfully, and maliciously" under Count I, it provides no factual allegations to suggest that the Defendant Officers acted with "a deliberate intention to cause harm" or an "utter indifference" or disregard for the safety of Plaintiffs and their Property. *Id*. The Court therefore finds that the complaint does not sufficiently allege the Defendant Officers fall within any exception to the Tort Immunity Act.

## **CONCLUSION**

For the reasons mentioned above, the Court grants the City's motion to dismiss Count II of Plaintiffs' complaint. It is so ordered.

Dated: 01/21/2020

_____
Charles P. Kocoras
United States District Judge